<u>Not for Publication</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jay DesMarteau, | : |
|                 Plaintiff, | :    Civil Action No. 09-5361 (SRC)(MAS) |
| v. | :    OPINION & ORDER |
| CIT Group, Inc., et al., | : |
|                 Defendants. | : |

**THIS MATTER** comes before the Court by way of the parties' joint letter submission dated August 2, 2010, which sets forth several discovery disputes. (Doc. No. 21 ("Joint Ltr.").) Specifically, the parties are disputing whether Defendants CIT Group, Inc. and The Employee Benefit Plans Committee of CIT (collectively, "Defendants") must provide supplemental responses to Plaintiff's Interrogatory Numbers 8 and 15 and Document Requests Numbers 10, 14 and 19, which Defendants assert, among other arguments, are irrelevant and overly-broad. (*See generally id.*) On August 30, 2010, Plaintiff Jay DesMarteau ("Plaintiff") submitted a letter to this Court regarding supplemental Interrogatory Numbers 18, 19 and 20. (Doc. No. 22 ("Pl.'s Ltr.").) Defendants oppose Plaintiff's request that this Court compel responses to same. (Doc. No. 23 ("Defs.' Ltr.").)

I.    **STATEMENT OF FACTS**

As the parties are well-versed in the underlying facts of this matter, the Court will only address those facts relevant to the application currently pending before this Court. This matter pertains to a bonus and severance compensation that is allegedly due to Plaintiff from

Defendants. (Joint Ltr. 1.) Defendants argue that Plaintiff was not entitled to a bonus or severance, because bonuses are discretionary and severance compensation requires a "good reason resignation," which Defendants argue Plaintiff did not demonstrate because, among other things, he violated the executive severance plan when he went to work for an alleged competitor, TD Bank. (*Id.*) Defendants further assert that Plaintiff engaged in "prohibited activity," which also precludes severance compensation. (*Id.*)

## II.   LEGAL STANDARD & ANALYSIS

The methods, scope, limits and process of discovery are defined under Federal Rule of Civil Procedure 26. For instance, Rule 26(b) provides that parties may obtain discovery regarding any party's claim or defense and that for good cause shown, the court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b). As this Court has recognized, "[c]ourts have construed this rule liberally, creating a broad vista for discovery." *Tele-Radio Sys. Ltd. v. De Forest Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also Evans v. Employee Benefit Plan*, No. 03-4915, 2006 WL 1644818, at *4 (D.N.J. June 6, 2006).

In interpreting Rule 26(b), the District Court must be mindful that relevance is a broader inquiry at the discovery stage than at the trial stage. *See Nestle Food Corp. v. Aetna Cas. & Surety Co.*, 135 F.R.D. 101, 103 (D.N.J. 1990). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, the burden remains on the party seeking discovery to "show that the information sought is relevant to the subject matter of the action and

2

may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000); *see also Nestle*, 135 F.R.D. at 104.

Moreover, when the burden of a discovery request is likely to outweigh the benefits, Rule 26(b)(2)(C)(iii) vests the District Court with the authority to limit a party's pursuit of otherwise discoverable information. As recognized by the Third Circuit, the right to discovery, although broad, "is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir.1999). Accordingly, a discovery request may be denied if, after assessing "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues," the District Court finds that there exists a likelihood that the resulting benefits would be outweighed by the burden or expense imposed as a consequence of the proposed discovery. Fed. R. Civ. P. 26(b)(2)(C)(iii). The purpose of this rule of proportionality is "to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry." *Bowers v. Nat'l Collegiate Athletic Ass'n.*, No. 97-2600, 2008 U.S. Dist. LEXIS 14944, at *14 (D.N.J. Feb. 27, 2008) (quoting *Leksi, Inc. v. Fed. Ins. Co.*, 129 F.R.D. 99, 105 (D.N.J. 1989)).

Considering the aforementioned legal standard, the Court shall now address each discovery dispute below.

    A.    **Plaintiff's Interrogatory No. 8** - **With respect to any position that had been offered to Plaintiff in connection with CIT's re-structuring[,] state the compensation history for the years 2007, 2008, and 2009 for the person who held that position prior to it being offered to Plaintiff.**

This Court finds Interrogatory No. 8 is relevant and may lead to admissible evidence. Plaintiff's claim that he is owed severance requires him to establish that the position offered to

him was not commensurate with his status as a senior executive of the company in all material aspects, as to provide good cause for his resignation. The salary of previous individuals who held similar positions is a material aspect of whether the proposed positions were commensurate to Plaintiff's previous position. Thus, Defendants shall provide a complete and supplemental response to Interrogatory No. 8. To the extent that certain positions discussed with Plaintiff did not exist prior to 2009, Defendants shall certify to same. Accordingly, Plaintiff's request that this Court require Defendants to supplement their response to Interrogatory No. 8 is granted.

      **B.**    **Plaintiff's Interrogatory No. 15** - **State the name of each employee who received all or part of his bonus for the calendar year 2008 in cash rather than stock and the percentage received in cash and in stock.**

The Court finds Plaintiff's Interrogatory No. 15 is relevant. While the form of other executive's bonuses has a merely tenuous connection to whether or not Plaintiff was entitled to his bonus for meeting objective standards, such documents could provide relevant details on how CIT Group grants bonuses, how often stock and cash bonuses are granted or may otherwise lead to other relevant, admissible evidence. However, this Court finds that Plaintiff need not know the individual names of each employee. Rather, Defendants may redact each employee's name and other personal information and replace same with descriptions that provide the employee's title, position, pay level or pay classification group, with explanations and/or definitions. While there may be some other privacy interests implicated by this request, the parties have entered into a Discovery Confidentiality Order, which should sufficiently address Defendants' concerns. As such, Plaintiff's request to compel a supplementary response to Interrogatory No. 15 is granted.

  **C.** <u>**Plaintiff's Document Request No. 10**</u> - **Any document which describes each line of business including target markets, industry credit rating, and required rates of return for the CIT Group, Inc. [sic] as of May 2009.**

  The Court finds that Plaintiff's Document Request No. 10 is relevant, but overly-broad. Defendants argue that Plaintiff is not entitled to severance because he violated the executive severance plan when he went to work for a competitor, TD Bank. Plaintiff asserts that he may be able to use the requested information to make comparisons and establish that CIT Group and TD Bank are not true competitors. Defendants objected to this request, but subject to the objection, directed Plaintiff to a specific page of its website and noted that Defendants consider its CIT Small Business Lending group to be in competition with TD Bank.

  Here, Plaintiff's request is overly-broad and, as such, is denied without prejudice. However, because it is relevant, the Court will give Plaintiff one last opportunity to narrow the scope of the request to documents specifically related to business documents and services that would or would not demonstrate that TD Bank is in a competing line of business with Defendants, as defined by the executive severance plan. Defendants shall be obligated to provide Plaintiff with information relevant to its proffered defense that Plaintiff breached his agreement by working for a competitor. Production of documents that reveal more about the extent and nature of CIT Group operations, as they relate to competition, certainly are well within the bounds of reasonable discovery.

  **D.** <u>**Plaintiff's Document Request No. 14**</u> - **The P&L statement for CIT's Equipment Finance Division for 2007, 2008, and 2009.**

  Plaintiff's request for a supplemental response to Document Request No. 14 is denied without prejudice. This Court is simply unconvinced by Plaintiff's assertion that profit and loss

statements are relevant or necessary to show that Plaintiff earned his bonus. As mentioned by Defendants, there are no performance goals under the bonus structure, and as such, such financial information is irrelevant to Plaintiff's claims. This Court has no reason to believe that Defendants are misrepresenting the facts, as Plaintiff asserts. Moreover, the Court finds that the other discovery produced thus far or that shall be forthcoming is sufficient and may, in fact, include repetitive and cumulative information. Accordingly, Defendants need not provide a supplemental response to Document Request No. 14.

      E.    **Plaintiff's Document Request No. 19 - Defendants' 2008 Corporation Finance bonus worksheets, and all iterations and drafts that show Plaintiff's evaluation, accrued bonus pools, and how they were allocated to him and his peer group.**

The Court finds that Plaintiff's Document Request No. 19 is relevant and Plaintiff's request that Defendants provide a supplemental response is granted. Disclosure of evaluations and bonus records for other similarly-situated employees may establish a pattern of bonus thresholds. Defendants' privacy concerns are legitimate, but can be addressed by the Discovery Confidentiality Order and Defendants' redaction of employees' names and other personal identification information. However, Defendants shall be required to replace the redacted information with the employees' title, position or other descriptive information that will allow Plaintiff to make comparisons relevant to his claims. Thus, Defendants must provide any and all responsive documents that may include information regarding how or why bonuses were awarded, Plaintiff's evaluations or that could otherwise be interpreted to include objective analyses, criteria or standards in relation to bonuses. To the extent Defendants claim that no such responsive documents exist, Defendants shall certify to and explain same.

F.  **Plaintiff's Supplemental Interrogatory Nos. 18, 19 and 20.**

As mentioned above, on August 30, 2010, Plaintiff submitted a letter to this Court requesting that Defendants be instructed to respond to Supplemental Interrogatory Nos. 18, 19 and 20. (Pl.'s Ltr. 1.) Defendants argue that the Supplemental Interrogatories should not be permitted, as they were served three months after this Court's deadline. (Defs.' Ltr. 1.) To the extent additional information is needed, Defendants argue that it can be obtained by way of depositions. (*Id.*)

Fact discovery closes on October 12, 2010. While this Court does not condone a party's failure to meet a court-imposed deadline, because supplemental discovery is being permitted, this Court finds that permitting Supplemental Interrogatory Numbers 18, 19 and 20 will not cause undue delay or prejudice to Defendants. As the parties did not provide the substance of the Supplemental Interrogatories, this Court cannot assess whether they are relevant. However, to the extent that they reword previously served Interrogatories, as asserted by Defendants, and Defendants have not provided full and complete responses, Defendants shall supplement their responses accordingly.

III. **CONCLUSION**

Based on the foregoing, and for good cause shown, it is on this **17th** day of **September, 2010**, **ORDERED THAT**:

1. Plaintiff's request for supplemental responses to Document Request Nos. 10 and 14 is denied without prejudice. Pursuant to the instructions set forth in this Opinion, Plaintiff shall narrow the scope of Document Request No. 10, which shall be served upon Defendants by **September 21, 2010**.

2. Subject to the limitations expressed above and redaction of certain information, Defendants shall provide full, complete and supplemental responses to Plaintiff's

7

      Interrogatory Nos. 8 and 15, Document Request No. 19, Supplemental Interrogatory Nos. 18, 19 and 20 and Plaintiff's narrowed Document Request No. 10 by **October 1, 2010**.

3. Fact discovery is extended to **October 29, 2010**.

4. All other dates set forth in this Court's April 12, 2010 Pretrial Scheduling Order (Doc. No. 16) shall remain in full force and effect.

                                _s/ Michael A. Shipp_
                                **HONORABLE MICHAEL A. SHIPP**
                                **United States Magistrate Judge**